NO









NO. 12-09-00391-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ROGELIO NIETO ZAMORA, JR.,

APPELLANT                                                     '     APPEAL
FROM THE 3RD

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     ANDERSON
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

 

            Rogelio
Nieto Zamora, Jr. appeals his conviction for delivery of a simulated controlled
substance.  In his sole issue on appeal, Appellant challenges the trial court’s
failure to inquire whether he freely and voluntarily waived his right to testify
during the punishment phase at trial.  We affirm.

 

Background

            Appellant was indicted on
March 5, 2008, for the offense of delivery of a simulated controlled substance,
a state jail felony.  He waived his right to a jury and entered an open plea of
guilty on October 6, 2008.  The sentencing hearing was postponed until November
16, 2009, when the trial court sentenced Appellant to two years of
imprisonment.  Appellant timely appealed.

 

Right to Testify 

            In
his sole issue, Appellant argues that the trial court erred “when it did not
inquire as to whether [he] knew he had a right to testify.”

Standard
of Review and Applicable Law 

            A
defendant has a right to testify at his own trial, and such a right is
fundamental and personal to the defendant.  Johnson v. State, 169
S.W.3d 223, 235 (Tex. Crim. App. 2005).  In Johnson, the Texas
Court of Criminal Appeals held, in agreement with the majority of
jurisdictions, that a trial court has no duty to inform a defendant represented
by counsel of his right to testify.  Johnson, 169 S.W.3d at 235. 
Rather, it is the responsibility of defense counsel to inform a defendant of
his right to testify, including the fact that the ultimate decision of whether
to testify belongs to him.  Id.

Discussion


            In
addition to the delivery of a simulated controlled substance charge in this
cause, Appellant had been indicted for other offenses in separate proceedings
with different counsel.  According to trial counsel in this cause, Appellant’s
counsel in those other proceedings advised Appellant not to testify because of
the other pending charges.  Specifically, after the State rested during
punishment in this cause, Appellant’s counsel stated as follows:

 

Your Honor, I can’t present testimony at this time,
because the only person I would be able to call is my client.  And since there
[are other] pending charges and his attorney is not present, he has been
advised not to testify.  

            

            Appellant was present when counsel made that statement to the
trial court.

            As
noted above, the trial court had no duty to inform Appellant of his right to
testify.  See Johnson, 169 S.W.3d at 235.  Without the duty to
inform Appellant of the right to testify, it follows that the trial court had
no duty to determine whether Appellant freely and voluntarily waived his right
to testify.  See Bean v. State, No. 04-03-00114-CR, 2003 WL
23095725, at *3 (Tex. App.–San Antonio Dec. 31, 2003, pet. ref’d) (mem. op.,
not designated for publication).

            Appellant’s
sole issue is overruled.

 

Disposition  

            We affirm
the judgment of the trial court.

 

                                                                                                
JAMES T. WORTHEN    

                                                                                                            Chief
Justice

Opinion delivered October 27, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(DO NOT PUBLISH)